## PANTER *v.* SOBESKY.

1. APPEAL AND ERROR—REMAND—CONSOLIDATION—DECLARATION OF RIGHTS—EQUITY—ACCOUNTING.

   Order dismissing bill for declaration of rights under employment contract against former employer of individual plaintiff is reversed and cause remanded with directions to consider advisability of consolidation of case with suit for equitable relief, accounting, and a money judgment under the same contract.

2. COSTS—RECORD.

   No costs are allowed upon reversal in view of the record presented on appeal.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted April 4, 1963. (Calendar No. 30, Docket No. 50,125.) Decided May 9, 1963.

Bill by Harold Panter and Panter Company, a Michigan corporation, against John Sobesky, Office Products, Inc., a Michigan corporation, and others for declaration of rights under employment contract and for injunctive relief. Bill dismissed on motion. Plaintiff appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 962.
[2] 5 Am Jur 2d, Appeal and Error § 1011.

*Joseph A. Gillis* and *Davidow & Davidow* (*Larry S. Davidow,* of counsel), for plaintiffs.

*Harty, Austin & Jones* (*Paul W. Harty,* of counsel), for defendants.

Per Curiam. The question here presented is one of procedure and not one of determination of merit.

Plaintiff Harold Panter was employed by defendant Office Products, Inc., between May 8, 1955, and March 12, 1962. The employment was under an express contract in the nature of a letter of undertaking and acceptance. Its relevant provision here is the undertaking by the employee to assign to the employer without additional compensation "all ideas, discoveries, inventions and improvements, patentable or not, which, while I am so employed, and during 1 year after such employment terminates, are made, conceived or reduced to practice by me." There is a further general provision inhibiting the employee from divulging or appropriating "to my own use * * * any * * * confidential information obtained * * * during such employment." Within the year specified, specifically May 17, 1962, counsel for defendant employer wrote to plaintiff in tenor that plaintiff Panter and his corporate employer, Panter Company, were believed to be undertaking manufacture of label holders in violation of defendant Office Products' patents, and calling attention to what counsel considered were plaintiff Panter's obligations to Office Products, Inc., under the agreement above mentioned.

On July 24, 1962, Mr. Panter and his corporate employer, Panter Company, filed a bill of complaint in the Wayne circuit court setting forth most of the above facts and alleging in addition that defendants were interfering with and damaging plaintiffs' business activities. In relatively conclusionary terms,

the bill averred imminent irreparable harm to plain-
tiffs, sought a preliminary injunction against con-
tinuing harassment by defendants, and in the relief
paragraphs requested that "the contract of the em-
ployment agreement between the individual plain-
tiff, Harold Panter, and the defendants be construed
and his rights be declared under the statutes and
public policy of the State of Michigan."

Appellants' brief recites that "a temporary re-
straining order was issued and upon a hearing on
the order to show cause, the temporary restraining
order was dissolved and the temporary injunction
denied." This order was apparently issued on July
24, 1962, contemporaneously with the filing of the
bill of complaint. On August 6, 1962, the circuit
judge "dismissed" the temporary restraining order,
and denied plaintiffs' prayer for a temporary injunc-
tion.

The list of calendar entries shows the following:

"1962
"July  24.  Bill of complaint filed; summons issued.
"July  24.  Order to show cause signed filed (N.
            Fitzgerald).
"July  26.  Summons returned served filed.
"July  30.  Order to show cause why restraining
            order should not issue heard and dis-
            missed; court sheet, Judge Moynihan.
"Aug.   6.  Order dismissing temporary restraining
            order and denying temporary injunc-
            tion signed filed (Moynihan).
"Aug.  14.  Amended proof of service filed.
"Aug.  14.  Order of default filed.
"Aug.  18.  Answer to bill of complaint filed.
"Aug.  18.  Motion to dismiss and affidavit filed.
"Aug.  18.  Motion to set aside default filed.
"Aug.  27.  Motion to dismiss as to Chas. C. Smith
            Co., Inc., dismissed at request of
            moving party; court sheet, Judge
            Moynihan.

"Aug. 27. Amended answer to bill of complaint filed.

"Sept. 1. Amended sworn answer to bill of complaint filed.

"Sept. 12. Order setting aside default signed filed (Moynihan).

"Sept. 21. Notice of hearing and motion to dismiss and affidavit filed.

"Oct. 3. Motion brief filed.

"Oct. 5. Motion brief filed.

"Oct. 5. Motion to dismiss heard and granted; court sheet, Judge Moynihan.

"Oct. 15. Order granting motion to dismiss signed, filed (Moynihan).

"Oct. 16. Appearance of Davidow & Davidow as attorneys of counsel for plaintiffs filed.

"Oct. 19. Claim of appeal filed ($5 fee paid).

"Oct. 19. Notice of appeal filed.

"Nov. 28. Proceedings (Vol I) filed."

All the pleadings that are included in appellants' appendix are the bill of complaint with exhibits, the amended sworn answer, and the motion to dismiss. Judge Moynihan's order of October 15, 1962, dismissing the cause without costs and *with prejudice* is the next judicial action mentioned. No reference by appellant is made to the entry of a default, a motion to set it aside, and an order so doing. Judge Moynihan's order, with the words "with prejudice" is accompanied by no opinion, and no explanation of its apparent finality without hearing on the merits of the bill first filed.

Appellants do not favor us with anything similar to the explanatory paragraph on page 2 of appellees' brief, which recites without documentation:

"At the time the trial court heard the motion to dismiss, the court had before it a motion to dismiss the bill of complaint of defendants being Wayne chancery number 625–997 which bill of complaint had not been answered and at the same time the trial

court denied appellants' motion to dismiss appellees' bill of complaint." (Appellants' case is 624-841.)

Looking behind the list of calendar entries, the protests of clean hands or the lack thereof, it seems clear what happened. The court had before it at the same time, 2 motions to dismiss 2 separate bills of complaint, 1 of which sought construction of a contract by declaratory relief, the other sought actual equitable relief, accounting, and a money judgment under the same contract. The chancellor apparently determined that all the issues could best be adjudicated in the second suit. It is possible, too, he was inviting writer's cramp with the volume of orders presented up to that time in both cases and he summarily dismissed the first filed bill with prejudice.

With the caseload before this Court in matters which have vital concern of general application, we are not kindly disposed to refereeing sprinting contests between legal couriers laden with orders to show cause, dismissals thereof, orders of default and orders setting them aside, which culminate in an unexplained order of dismissal by the trial judge "with prejudice" of a bill on which no hearing has been had.

The order granting defendants' motion to dismiss is vacated and set aside and the cause is remanded with directions to enter an order denying said motion. On remand, the court is directed to consider the advisability of consolidation for hearing and determination Wayne chancery actions No 624-841 and No 625-997. In view of the record here presented, no costs are allowed.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, SMITH, and O'HARA, JJ., concurred.